UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HATTIE MAE TANNER,

        Petitioner,

                                          CASE NO. 04-CV-71155-DT
v.                                  HONORABLE VICTORIA A. ROBERTS

JOAN YUKINS,

        Respondent.
_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

This matter is before the Court on Petitioner's motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b)(6) concerning the Court's denial of habeas relief in November, 2005 and her subsequent failure to file a timely notice of appeal or seek an extension of time to file a late appeal within the allotted time for doing so.

### I.      Facts and Procedural History

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court in March, 2004 challenging her state court conviction for first-degree felony murder. The Court denied relief on November 7, 2005 (opinion and judgment entered on November 8, 2005), but granted a certificate of appealability on two issues. Petitioner, however, filed an untimely notice of appeal by giving it to prison officials for mailing on December 9, 2005. In January, 2006, the United States Court of Appeals for the Sixth Circuit issued an order requiring Petitioner to show cause why her untimely appeal should not be dismissed for failure to comply with Federal Rule of Appellate Procedure 4(a). Petitioner responded with a notarized affidavit in which she stated she had a limited education, that she relied on a legal writer to file her notice of

appeal, that her unit was under a lockdown from December 3, 2005 until the afternoon of December 8, 2005, that she did not receive the prepared notice of appeal until December 8, 2005, and that the expedited legal mail receipt was filed for her on December 9, 2005. The Sixth Circuit nevertheless dismissed the appeal, noting that compliance with Federal Rule of Appellate Procedure 4(a) "is a mandatory prerequisite" and that Petitioner never moved for an extension of time in the district court as permitted by Federal Rule of Appellate Procedure 4(a)(5). Case No. 06-1029 (6th Cir. March 13, 2006).

In September, 2007, Petitioner filed a motion for relief from judgment with this Court pursuant to Federal Rule of Civil Procedure 60(b)(6). The Court denied the motion finding that it had no authority to overturn the Sixth Circuit's ruling and that relief from judgment was not warranted. The Court denied Petitioner's requests for reconsideration and a certificate of appealability, declining to reissue its 2005 judgment. The Sixth Circuit also denied a certificate of appealability.

In October, 2007, Petitioner filed a pro se federal civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the December, 2005 lockdown impeded her access to the court. Counsel was appointed and the case proceeded to trial against two prison employees in March, 2012. The jury found in Petitioner's favor and awarded her compensatory and punitive damages.

Petitioner, through counsel, filed the instant motion on May 7, 2012. Petitioner seeks to have the Court re-issue its 2005 judgment in order to reinstate the time for filing a notice of appeal because she prevailed in her civil rights action. Respondent has filed an answer to the motion contending that it should be denied. Petitioner has filed a reply to that answer.

2

**II.    Discussion**

Petitioner seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).
Under that rule, a district court may grant relief from a final judgment or order only upon a
showing of one of the following reasons:  (1) mistake, inadvertence, surprise, or excusable
neglect; (2) newly discovered evidence which by due diligence could not have been discovered
in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated
intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the
judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior
judgment upon which it is based has been reversed or otherwise vacated, or it is no longer
equitable that the judgment should have prospective application; or (6) any other reason
justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).  Petitioner relies upon
Rule 60(b)(6).  That subsection has been interpreted narrowly and permits relief only in
"extraordinary circumstances."  *See Liljeberg v. Health Svs. Acquisition Corp.*, 486 U.S. 847,
863-64, (1988); *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249
F.3d 519, 524 (6th Cir. 2001); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citing
cases and stating that "such circumstances will rarely occur in the habeas context").

Petitioner is not entitled to relief from judgment in this case.  Rule 4(a) of the Federal
Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed with the
district court "within 30 days after the entry of the judgment or order appealed from."  Fed. R.
App. P. 4(a)(1)(A).  There is no dispute that Petitioner failed to comply with that time limit.
Rule 4(a) allows a district court to extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule
> 4(a) expires; and

3

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5).  Petitioner did not file any such motion.[1]

Rule 4(a)'s time limits are codified by statute.  *See* 28 U.S.C. § 2107(a).  As such, they are "mandatory and jurisdictional."  *See Bowles v. Russell*, 551 U.S. 205, 209 (2007) (citing cases and explaining that federal appellate courts "routinely and uniformly dismiss untimely appeals for lack of jurisdiction"); *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 415-16 (6th Cir. 2010) (affirming district court ruling that it lacked authority to grant a filing extension once the Rule 4 deadline for filing has expired).

Because Rule 4(a) is jurisdictional, Rule 60(b) should not be used to circumvent its time requirements and extend or re-open the time for filing a notice of appeal.  *See Farner v. Workman*, 302 F. App'x 762, 764-65 (10th Cir. 2008) (discussing *Clark v. Lavallie*, 204 F.3d

---

[1]Rule 4(a) also provides that a district court may reopen the time to appeal in limited circumstances.  Specifically, that rule provides:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).  Petitioner does not claim that she failed to receive notice of the Court's decision denying habeas relief.  Consequently, this provision is inapplicable to her case.

4

1038, 1040–41 (10th Cir. 2000)); *Jackson v. Crosby*, 437 F.3d 1290, 1296 (11th Cir. 2006);

*Zimmer v. Beaty*, 32 F.3d 357, 360 (8th Cir. 1994); *Poindexter v. Renico*, No. 04–CV–40029,

2010 WL 3168621, *2 (E.D. Mich. Aug.10, 2010) (Murphy, J.); *see also Bowles*, 551 U.S. at

214 (noting that even the Supreme Court "has no authority to create equitable exceptions to

jurisdictional requirements"); *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678,

687 (6th Cir. 1999) ("If an attorney's misrepresentation of the rules constitutes 'mistake'

justifying the setting aside of a judgment under Rule 60(b) to permit a second bite at the appeal

apple, the requirements and limitations of Fed. R. App. P. 4 are meaningless").

　　While *Lewis v. Alexander*, 987 F.2d 392, 295-96 (6th Cir. 1993), seems to support

Petitioner's Rule 60(b)(6) request to have the Court re-issue its judgment and restart the appeal

period, that decision has been criticized by several courts, including the Sixth Circuit itself, *see,

e.g., Brown v. United States*, No. 11-5293, 2011 WL 3555630, *1 (6th Cir. Aug. 3, 2011); *FHC

Equities*, 188 F.3d at 684 (noting that other courts have "roundly disagreed" with *Lewis*), and

appears to be invalid following the Supreme Court's decision in *Bowles, supra*.  The Court,

therefore, declines to follow *Lewis* and instead concludes that it lacks the authority to reissue its

judgment under Rule 60(b)(6) in order to allow Petitioner to escape Rule 4's time limits for

filing a notice of appeal.

　　Moreover, even if the Court were to find that it had the authority to take such action

under Federal Rule of Civil Procedure 60(b)(6), it would not do so in this case.  While Petitioner

has shown that extraordinary circumstances outside of her control, *i.e.* the unconstitutional

actions of prison officials, prevented her from timely filing her notice of appeal, she has offered

no explanation as to why she was unable to properly file a motion for an extension of time in

which to file her notice of appeal as provided by Federal Rule of Appellate Procedure 4(a)(5).

Petitioner has thus failed to establish that extraordinary circumstances prevented her from

pursuing an appeal of the Court's decision denying her habeas petition.  Relief from judgment is

not warranted under such circumstances.

## III.   Conclusion

Based upon the foregoing discussion, the Court concludes that Petitioner is not entitled to

relief from judgment under Federal Rule of Civil Procedure 60(b)(6).  The Court will not reissue

its November, 2005 judgment.  Petitioner's motion for relief from judgment is **DENIED**.  This

case remains closed.

**IT IS SO ORDERED**.


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  July 31, 2012

The undersigned certifies that a copy of this
document was served on the attorneys of record
by electronic means or U.S. Mail on July 31,
2012.

s/Carol A. Pinegar
Deputy Clerk

6