UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HATTIE MAE TANNER,

        Petitioner,

                                    CASE NO. 04-CV-71155-DT
v.                                    HONORABLE VICTORIA A. ROBERTS

JOAN YUKINS,

        Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

This matter is before the Court because Petitioner has filed a notice of appeal concerning the Court's denial of her motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(6) arising from the Court's denial of her habeas petition in November, 2005 and her subsequent failure to file a timely notice of appeal or seek an extension of time to file a late appeal within the allotted time for doing so. A certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion. *See Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

With *Slack v. McDaniel* in mind, judges within this district have adopted the following

standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012); *Carr v. Warren*, 05–CV–73763, 2010 WL 2868421, *2. (E.D. Mich. July 21, 2010) (both citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).

Having reviewed the matter, the Court concludes that Petitioner is not entitled to a certificate of appealability from the denial of her motion for relief from judgment because she has failed to demonstrate that jurists of reason would find it debatable that the Court abused its discretion in denying her motion for relief from judgment. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 6, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 6, 2012.

s/Carol A. Pinegar
Deputy Clerk

2